UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

FILED
AUG 18 2014
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Larry G. Philpot

    Plaintiff

v.

Bake Me A Wish, LLC

    Defendant

Cause Action No.:

**1:14-cv-1356 SEB-DML**

## COMPLAINT JURISDICTION AND VENUE

1.    This copyright infringement action arises under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright). The Court also has discretionary jurisdiction over Count II and Count III.

2. This Court has personal jurisdiction over the all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

## *PARTIES*

4. The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events of top tier artists across the U.S. and lives in Indianapolis, Indiana.

5. Defendant, Bake Me A Wish, LLC is a high end bakery believed to operate in New York, producing and delivering custom made baked goods worldwide owning and operating the domains www.facebook.com/bakemeawish, and www.bakemeawish.com, and conduct business in this district.

## FACTS

6. On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO.

7. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411. A copy of the photo is attached as Exhibit A, hereinafter referred to as "Nelson Photo"

8. The Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website, The original full size photo is referenced at http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg and attached as Exhibit A

9. In an effort to increase his marketability and reputation, and to gain more work, on May 31, 2011 Plaintiff agreed to make the Nelson photograph generally available through Wikimedia for distribution, public display, and public digital performance under the Creative Commons Attribution 2.0 Generic license (often abbreviated as CC BY 2.0

10. The restrictions of Section 4 of CC BY 2.0 and 3.0 require the licensee to (a) reference CC BY 2.0, with every copy of the photograph used (the "share alike" provision) and (b) provide attribution in the manner specified by the author, which was Photo by Larry Philpot, www.soundstagephotography.com. A copy of the license and attribution requirement is attached as Exhibit B.

11. Since September 5, 2012, the Plaintiff has either published or licensed for publication all copies of the Nelson Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

### COUNT I

### *COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION*

12. The Defendant created the website www.bakemeawish.com to place articles, attract viewers, highlight their products, obtain advertising affiliates, and accept orders to both businesses and consumers all over the world.

13. Upon information and belief, the Defendant has a companion Facebook Business "Fan" Page used for more frequent updates used as a business tool to drive visitors to the main website, and to serve as a reminder and keep the business on the mind of the Facebook "fan" This Facebook Business companion page is located on the internet at www.facebook.com/bakemeawish.

14. As a business marketing tool, the Facebook fan page must legally be owned or administered by the business entity, and the creator of the Business Fan Page electronically signs that they are authorized to represent to business entity, in this case, www.bakemeawish.com. (EXHIBIT C)

15. The front page screenshot of the Facebook Business Fan companion page (www.facebook.com/bakemeawish) is shown as (EXHIBIT D)

16. The front page screenshot of the Official page for Bake Me A Wish, LLC, (www.bakemeawish.com) is shown as EXHIBIT E.

17. In February, 2014 the Plaintiff discovered through the computer program "Copyright Infringement Finder" that the Facebook Business companion Page of bakemeawish.com displayed the Nelson Photo with the caption "He may not have always been on our mind, but his songs sure are. Happy Birthday to country music legend Willie Nelson!" Attached at EXHIBIT F.

18. The photo on facebook.com/bakemeawish bears a date of posting of April 30, 2013, and does not display attribution to the author and Plaintiff as required under the Creative Commons License.

## COUNT II

### *UNAUTHORIZED DISTRIBUTION OF COPYRIGHTED MATERIAL*

19. Millions of companies have created a Facebook Business Page as a companion page to their main website, and there is good reason to do so, specifically being able to interact with 1.9 Billion Facebook users, who are potential customers.

20. When a Facebook user "Likes" a Facebook Business Page, that person becomes a subscriber to updates, so postings to your Facebook Business Page show up in the newsfeed of subscribers.

- Frequent updates to the Facebook Business Page builds brand loyalty.
- Facebook offers cheap, targeted advertising
- Smart Facebook Page owners use postings to drive people to their websites.

21. Facebook.com/BakeMeAWish business page has 6,995 subscribers (Exhibit F)

22. If a Facebook User "Likes" a posting, that user's Facebook Friends will often see that activity, so the user's "friends" are exposed to the Business Page's posting or photograph.

23. If a Facebook User sees a photograph, the user may click on that photograph, and may, with the click of a mouse, download that photograph to his or her own computer, thereby making possible the unauthorized distribution of the copyrighted Nelson Photo.

24. A Facebook USER may also "Share" the posting, which places an exact copy of the posting or a photograph on the User's Personal Facebook page, where it may be shared or seen much like an "offspring diagram", branching out to more and more users, such as a massive global family tree.

25. When a USER "shares" a posting, a duplicate of that posting, or photograph is created on the user's page, thereby distributing the photograph to a whole new group of USERS, which exposes to business to potential customers who may have never heard of the business before.

26. Defendant Bake Me A Wish, by posting Plaintiff's photograph without attribution, exposed the photograph and subjected the Nelson Photograph to at least 6000 people, depriving Plaintiff of exposure to Plaintiff's work and the opportunity for Plaintiff to obtain business opportunities.

27. Defendant, when placing the Nelson Photograph on Defendant's Facebook Business Page, agreed to the Facebook Terms of Service, which states: **"For content that is covered by intellectual property rights, like photos and videos (IP content), you specifically give us the following permission, subject to your privacy and application settings: you grant us a non-exclusive, transferable, sub-licensable, royalty-free, worldwide license to use any IP content that you post on or in connection with Facebook (IP License). This IP License ends when you delete your IP content or your account unless your content has been shared with others, and they have not deleted it."** Attached at EXHIBIT G

28. The Defendant had not paid anyone for the right to publish the Nelson Photo, did not provide authorship attribution as required, yet granted Facebook full rights to republish, sublicense, and even monetize the Nelson Photo.

# COUNT III

## *REMOVAL OF IDENTIFYING INFORMATION*

29. **Section 1202(b) of the Digital Millennium Copyright Act (DMCA), which provides "No person shall without the authority of the copyright owner or the law, to intentionally remove or alter any copyright management information"**

30. The Defendant knew that the Defendant did not own the Nelson Photo, and knew the Defendant had not obtained the rights to publish the photo, had not complied with the Attribution Requirements specifically set forth in the license, and by omission of same, concealed the true owner and copyright holder from the public.

31. When the Defendant uploaded the Nelson Photo to his Facebook Business Page, Facebook's publishing process strips the image of metadata and copyright information.

32. By publishing the Nelson Photo on his Business Page, Defendant facilitated the removal of DMCA Copyright management information.

33. After discovering the copyright infringement, on March 28, 2014, the Plaintiff notified the Defendant in writing to Cease and Desist the infringement, and listed the Facebook URL where the image was visible, and demanded that the image be removed and the Defendant pay for the unauthorized past use of the Nelson Photo.

34. The Defendant removed the photo, but refuses to pay for the unauthorized uses of the Photo

35. The Defendant has engaged in unfair trade practices and unfair competition in connection with its publication of the Nelson Photo, thus causing irreparable damage.

36. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

37. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

38. Defendant's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

39. On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendant has realized and may continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

40. Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

41. The Defendant has deliberately engaged in, and, is willfully engaging in, the acts complained of with conscious disregard of the rights of Plaintiff.

Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

42. Examples of these willfully and deliberate Acts, include but are not limited to the following:

   a. The Defendant downloaded or took the Nelson Photo from the internet and included said photo on at least one of the Defendant's websites.

   b. Defendant failed to accurately designate the attribution required for the Nelson Photo, or otherwise confer credit to the owner as was required, and has not responded to the Cease and Desist letter.

   c. The Defendant caused, by uploading to a 3rd party website, the removal of DMCA copyright management information.

   e. The Defendant did not pay Plaintiff for the improper use Nelson Photo.

43. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seeks resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

b. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant from copying and republishing any of Plaintiff's copyrighted material without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

c. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendant intentionally infringed on plaintiff's copyright after receiving a Cease and Desist notification, for the maximum allowable statutory damages for each violation;

d. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

e. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

f. Awarding Plaintiff such other and further relief as is just and proper.

Respectfully Submitted:

*signature*

Larry G. Philpot

Date: August 18, 2014

Larry G. Philpot, Pro Se,
8125 Halyard Way
Indianapolis, Indiana 46236
(317) 567-1338
Larry@BehindTheMusic.net