UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY G. PHILPOT, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BAKE ME A WISH, LLC, )<br>)<br>Defendant. )<br>) | Case No. 1:14-cv-1356-SEB-DML |

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FOR IMPROPER VENUE**

Defendant Bake Me A Wish, LLC ("BMAW") respectfully submits this brief in support of its motion to dismiss Plaintiff Larry G. Philpot's ("Philpot") Complaint for Copyright Infringement and Unfair Competition and Related Claims ("Complaint"), for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2) and for improper venue pursuant to FED. R. CIV. P. 12(b)(3).

**INTRODUCTION AND ALLEGED FACTS**

Taking for present purposes the allegations of the Complaint as true, Philpot is a photographer who photographs live musical performances across the United States. (Complaint, ¶ 4). BMAW is an active New York Limited Liability Company, in good standing, with its principal place of business in New York. (Affidavit of Joseph Dornoff, ("Dornoff Affidavit"), ¶ 2). Plaintiff's Complaint alleges a violation of his rights under § 106 of the Copyright Act of 1976, a violation under Section 43 of the Lanham Act (15 U.S.C. § 1125(a)), and a violation of the Digital Millennium Copyright Act as a result of the Defendant's alleged use on its Facebook

page of Plaintiff's photograph of popular musician Willie Nelson (Complaint, ¶¶ 1, 28-32, 35, 38-39). Philpot alleges that this Court has personal jurisdiction over BMAW and that venue is proper in this District (Complaint, ¶¶ 2-3). As shown below, however, this Court does not have personal jurisdiction over BMAW, and therefore, venue in this District is improper. Accordingly, the Court should dismiss this case under FED. R. CIV. P. 12(b)(2)-(3).

## STATEMENT OF FACTS

1. BMAW is an active New York Limited Liability Company, in good standing with New York, with its principal place of business at 45 West 45th Street, 7th Floor, New York, NY 10036. (Dornoff Affidavit, ¶ 2).

2. BMAW registered with the New York Secretary of State on August 9, 2005. (Dornoff Affidavit, ¶ 3).

3. BMAW is not registered to do business in Indiana, does not have any offices, employees, shareholders, agents, or operations in Indiana, has no phone or fax listings in Indiana, has no bank accounts in Indiana, does not own, lease, or control any property or assets in Indiana, and has no authorized dealers or distributors in Indiana. BMAW personnel have never traveled to Indiana in connection with BMAW business. BMAW has never paid any taxes in Indiana. (Dornoff Affidavit, ¶ 4).

4. BMAW operates a website (www.bakemeawish.com) and business from New York which ships birthday cakes and gourmet food gifts, including cookies and brownies, upon customers' request. The website generates sales nationally, but primarily in the New York and East Coast region. All sales are derived from the Internet, sent via email, or phoned in via the company's toll free telephone number. (Dornoff Affidavit, ¶ 5).

5.	Of these sales, those relating to Indiana have been insubstantial.  In the past five years, (a) gifts delivered to Indiana addresses have amounted to no more than 0.86% of total delivered gifts, (b) less than 1.3% of the company's unique system customers list an Indiana residence, and (c) revenue from customers with an Indiana billing address represented no more than 0.66% of total revenue.  (Dornoff Affidavit, ¶ 6).

6.	BMAW does not advertise in Indiana directly or specifically target Indiana customers in its advertising.  Like most e-commerce retailers, BMAW purchases the services of online advertising networks ("Ad Networks"), which integrate BMAW advertisements into third party websites nationwide.  The Ad Networks send and store data ("Cookies") onto the computers of visitors to the BMAW website via a script.  The Ad Networks then use the Cookies to display BMAW advertisements to prior BMAW website visitors as they visit various other websites.  BMAW has no control over the location of BMAW advertisements integrated by the Ad Networks into third party websites.  (Dornoff Affidavit, ¶ 7).

## ARGUMENT

I.	LEGAL STANDARDS

FED. R. CIV. P. 12(b)(2) requires dismissal of suit where personal jurisdiction is lacking.  After a defendant moves to dismiss a claim under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction."  *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).  The plaintiff must establish a prima facie case of personal jurisdiction if the court makes its determination solely on the submission of written materials.  *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).  If the defendant submits affidavits or other evidence in opposition to the implementation of

jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783.

A federal district court must satisfy a two-step inquiry in order to exercise personal jurisdiction over a non-resident defendant. *Wine and Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 938 (S.D. Ind. 2012). The Court's exercise of jurisdiction must comport both with the state's long-arm statute and the requirements of the federal Due Process Clause. *Purdue*, 338 F.3d at 779. Because Indiana's long-arm statute "expand[s] personal jurisdiction to the full extent permitted by the Due Process Clause," due process principles govern the inquiry. *Walters v. Dollar Gen. Corp.*, No. 1:09-cv-1508-SEB-WGH, 2011 WL 759555, at *2 (S.D. Ind. Feb. 24, 2011) (quoting *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 966 (Ind. 2006)).

The Due Process Clause of the Fourteenth Amendment requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In other words, the defendant's contacts with the forum state must be of a nature that the defendant "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Minimum contacts with a forum state may be established by either general jurisdiction or specific jurisdiction. *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)). General jurisdiction exists where the contacts with the forum state are unrelated to the subject matter of the suit. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Specific jurisdiction, on the other hand, exists "for controversies that arise out of or are related to the defendant's forum contacts." *Id.*

## II. GENERAL JURISDICTION

If a defendant's contacts with the forum state are "so continuous and systematic that the defendant could reasonably foresee being haled into court in that state for any matter," then the defendant is subject to general jurisdiction. *Int'l Med. Grp.*, 312 F.3d at 846. The defendant's contacts with the state must be so extensive "that it can be treated as present in the state for essentially all purposes." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010). As a result, general jurisdiction over a defendant is "a fairly high standard in practice." *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990).

In determining whether a defendant's contacts satisfy the "continuous and systemic" standard, courts consider factors such as whether the defendant "owns any property, pays taxes, conduct[s] any business, or has any offices, agents, employees, or affiliated entities" in the forum state. *Walters*, 2011 WL 759555, at *4. Courts also consider the "volume of a defendant's sales in a forum state" as pertinent to "a court's general jurisdiction analysis." *Draper, Inc. v. Mechoshade Sys., Inc.*, No. 1:10–cv–01443–SEB–TAB, 2011 WL 1258140, at *2 (S.D. Ind. Mar. 31, 2011).

The mere operation of a publicly available website is insufficient, without more, to establish general jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010); *uBID*, 623 F.3d at 426; *Jackson v. The California Newspapers P'ship*, No. 05 C 3459, 2005 WL 2850116, at *2 (N.D.Ill. Oct. 27, 2005). In the Seventh Circuit, "even the operation of a 'highly interactive' website will not, alone, subject a defendant to general jurisdiction." *Collazo v. Enter. Holdings, Inc.*, 823 F. Supp. 2d 865, 869 (N.D. Ind. 2011) (citing *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011). *See also Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 760 (7th Cir. 2010) ("Courts should be careful in resolving questions about personal jurisdiction involving online

contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'"). Rather, the jurisdiction test for Internet-based cases is whether the defendant, through its website, has in some way targeted the forum's market. *Collazo*, 823 F. Supp. 2d at 869 (N.D. Ind. 2011).

BMAW's extremely limited business contacts with Indiana through its New York-based website are neither continuous nor systemic such that it could foresee being haled into an Indiana court for any matter. In fact, other than an insignificant amount of sales into Indiana, BMAW has virtually no contact with this state. BMAW is a New York Limited Liability Company with its principal place of business in New York, and it has never been registered to do business in Indiana. (Facts, ¶¶ 1-3). BMAW does not have any offices, employees, shareholders or agents in Indiana. (Facts, ¶ 3). BMAW does not have any operations in Indiana, has no phone or fax listings in Indiana, and has no bank accounts in Indiana. *Id.* It does not own, lease, or control any property or assets in Indiana, and has no authorized dealers or distributors in Indiana. *Id.* BMAW personnel have never traveled to Indiana in connection with BMAW business, and BMAW has never paid any taxes in Indiana. *Id*.

Moreover, BMAW does not advertise in Indiana directly or specifically target Indiana customers in its advertising. (Facts, ¶ 6). Like most e-commerce retailers, BMAW purchases the services of Ad Networks, which integrate BMAW advertisements into third party websites nationwide via a Cookie. *Id*. The Ad Networks use the Cookies to display BMAW advertisements to prior BMAW website visitors when they visit other websites. *Id.* BMAW has no control over the location of BMAW advertisements integrated by the Ad Networks into third party websites. *Id.* Thus, an Indiana consumer who has browsed BMAW's New York website could later see a BMAW advertisement displayed while browsing a different website (even an

Indiana-based one); however, as detailed above, this common type of general advertising over the Internet, by itself, is not sufficient to establish jurisdiction. *See uBID*, 623 F.3d at 431 (stating "the mere fact that the defendant allegedly caused harm by conducting business or advertising over the Internet is not adequate to establish jurisdiction in the plaintiff's chosen forum state").

Although BMAW generates sales nationally from its website, most sales are to the New York and East Coast region. (Facts, ¶ 4). BMAW's sales into Indiana have been insignificant. In the past five years, gifts delivered to Indiana addresses have amounted to no more than .86% of total delivered gifts. (Facts, ¶ 5). During the same time period, less than 1.3% of BMAW's unique system customers list an Indiana residence. *Id.* Total revenue with Indiana customers, i.e., customers with an Indiana billing address, over the last five years equals no more than 0.66% of the company's total. *Id.* This insignificant amount of revenue from Indiana is insufficient to establish general jurisdiction. *See U.S. Sch. of Golf, Inc. v. Biltmore Golf, Inc.*, No. 1:05-CV-0313-DFH-TAB, 2005 WL 3022005, at *3-4 (S.D. Ind. Nov. 10, 2005) (finding no general jurisdiction partly because there was "no evidence that Indiana residents comprise a sizeable percentage of [defendant's] website traffic or purchases"); *L.H. Carbide Corp. v. The Piece Maker Co.*, 852 F. Supp. 1425, 1433 (N.D. Ind. 1994) (limited sales in Indiana ranging from 0.5% to 8% of total annual sales insufficient to establish general jurisdiction); *Commc'ns Depot, Inc. v. Verizon Commc'ns, Inc.*, No. IP01–1587–C–H/K, 2002 WL 1800044, at *5 (S.D. Ind. July 18, 2002) (finding sales from Indiana businesses of less than $10,000 annually to be insufficient to establish substantial, continuous, and systematic contact so as to support general jurisdiction). *See also, e.g., Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (no general jurisdiction over defendant where its sales to the forum state amounted to less than 2% of

total sales over a period of eight years); *Richter v. INSTAR Enter. Int'l, Inc.*, 594 F. Supp. 2d 1000, 1007 (N.D. Ill. 2009) (sales equaling approximately one tenth of 1% of defendant's overall sales were not enough to confer general jurisdiction); *Lake Assoc., LLC v. DNZ Products LLC*, 886 F. Supp. 2d 1203, 1209 (D. Or. 2012) (annual sales to Oregonians of 2% or less did not establish continuous and systematic contacts with Oregon); *Agape Flights, Inc. v. Covington Aircraft Engines, Inc.*, 771 F. Supp. 2d 1278, 1288 (E.D. Okla. 2011) (Internet sales to Oklahoma customers via its two websites equaling only .04% of defendant's gross revenue over a five-year period were not enough to establish general jurisdiction); *Simplicity, Inc. v. MTS Products, Inc.*, 2006 WL 924993, at *4 (E.D. Pa. Apr. 6, 2006) (sales of less than 1.5% of defendant's total sales over five years were insufficient to confer general jurisdiction).

Finally, as supported above, BMAW's operation of its website and Facebook page, without more, is not enough to subject BMAW to general jurisdiction. *See U.S. Sch. of Golf*, 2005 WL 3022005, at *4 (the fact that Indiana residents could purchase golf equipment and apparel from defendant's website was not enough to subject the defendant to general jurisdiction); *InfoSys Inc. v. Billingnetwork.com, Inc.*, No. 03 C 3047, 2003 WL 22012687, at *4 (N.D. Ill. Aug.27, 2003) ("there is no case where general jurisdiction was conferred on the basis of an interactive website in the absence of non-website factors evidencing intent for a defendant's product or website to reach a particular state"). BMAW's website and Facebook page are not targeted at the Indiana market, (Facts, ¶¶ 4-6), and Plaintiff's Complaint lacks any allegation or evidence suggesting otherwise. Therefore, under these facts and circumstances, the courts of Indiana do not have general jurisdiction over BMAW.

III.     SPECIFIC JURISDICTION

Specific jurisdiction is satisfied if the defendant purposefully avails itself of the privilege of conducting activities within the forum state and the controversy arises out of or relates to these activities. *Wine and Canvas*, 886 F. Supp. 2d at 939. In other words, where the defendant deliberately engages in activities within the forum state, it is reasonable to subject the defendant to litigation in that forum. *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 580 (7th Cir. 1994). However, a defendant cannot be brought into a jurisdiction "solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475. As stated above, in cases involving the Internet, as here, the "defendant must in some way target the forum state's market" to be subject to personal jurisdiction of the Court. *Bell v. Kirchner*, No. 1:13–cv–00012–TWP–DKL, 2014 WL 900923, at *3 (S.D. Ind. Mar. 7, 2014). As stated in *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014):

> [h]aving an 'interactive website' (which hardly rules out anything in 2014) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. To hold otherwise would offend 'traditional notions of fair play and substantial justice.'

This case arises from a single post on BMAW's Facebook Page. BMAW's Facebook page does not target Indiana customers, (Facts, ¶¶ 4-6), and Plaintiff's Complaint offers no allegation or evidence suggesting BMAW's Facebook page targets the Indiana market. *See Dillinger, LLC v. Pour House on Lincoln, Inc.*, No. 1:12–cv–714–WTL–TAB, 2012 WL 4527686, at *3 (S.D. Ind. Oct. 1, 2012) ("absent evidence that the Defendants have purposefully targeted Indiana residents with their Facebook page or other advertising, there is simply no basis for this Court to exercise personal jurisdiction over them"). It is questionable whether BMAW's

9

alleged use of the Willie Nelson photograph would even qualify as an advertisement. (See Complaint, ¶ 17 (alleging that BMAW's Facebook page displayed the Willie Nelson photo with the caption, "He may not have always been on our mind, buts his songs sure are. Happy Birthday to country music legend Willie Nelson!")). Again, however, even assuming the alleged use of Plaintiff's Willie Nelson photograph or the use of Facebook itself would qualify as an advertisement, mere advertising over the Internet is not sufficient to establish jurisdiction over the defendant without some evidence that the advertisement was geared towards the Indiana market. *uBID*, 623 F.3d at 431. Here, there is no evidence indicating any significant revenue from the Indiana market due to the alleged use of Plaintiff's photo, and no evidence of any interaction between BMAW and the Indiana market. (Facts, ¶¶ 3-6). *See be2 LLC*, 642 F.3d at 559 (holding defendant's website did not target Illinois residents because there was no indication of advertising, revenue or any interaction between the defendant and Illinois residents as compared against the GoDaddy website in *uBID,* 623 F.3d at 428, in which GoDaddy conducted "a massive and successful exploitation of the Illinois market . . . through an advertising campaign that produced hundreds of thousands of customers in the state and millions of dollars in annual revenues"); *Kirchner*, 2014 WL 900923, at *3 (finding defendant's website did not target Indiana because no indication of advertising, revenue, or any interaction between defendant and Indiana customers). As a result, Plaintiff has failed to show that BMAW has purposefully availed itself of the privilege of conducting activities within Indiana. Accordingly, this Court cannot exercise specific jurisdiction over BMAW.

IV.   IMPROPER VENUE

Plaintiff's personal jurisdiction and venue allegations are identical. (Complaint, ¶¶ 2-3). Because BMAW is not subject to personal jurisdiction in this District, venue is improper. As such, the case should be dismissed for lack of personal jurisdiction and improper venue.

## CONCLUSION

BMAW's contacts and activities with Indiana are insufficient for the exercise of personal jurisdiction by this Court under principles of both general and specific jurisdiction. BMAW respectfully requests that the Court grant its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, and grant BMAW all other just and proper relief.

Respectfully submitted,

*s/Matthew J. Clark*
Matthew Joseph Clark (31263-49)
MEITUS GELBERT ROSE LLP
47 S. Meridian St., Suite 400
Indianapolis, IN 46204
Phone (317) 464-5307
Fax (317) 464-5111
mclark@mgrfirm.com

Anthony J. Rose, Esq. (15545-53)
MEITUS GELBERT ROSE LLP
47 S. Meridian St., Suite 400
Indianapolis, IN 46204
Phone (317) 464-5304
Fax (317) 464-5111
arose@mgrfirm.com

Attorneys for Defendant
Bake Me A Wish, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served upon the following party, by electronic mail to larry@behindthemusic.net, and by placing a copy of the same in the United States Mail, first class postage pre-paid, on November 6, 2014:

>Larry G. Philpot
>8125 Halyard Way, 1st Floor
>Indianapolis, IN 46236

>*s/Matthew J. Clark*_____
>Matthew J. Clark

MEITUS GELBERT ROSE LLP
47 S. Meridian St., Suite 400
Indianapolis, IN 46204
Phone (317) 464-5304
Fax (317) 464-5111
arose@mgrfirm.com

Attorneys for Defendant
Bake Me A Wish, LLC